UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

OarFin Distribution, Inc.,                                                   Civil No. 11-863 PJS/AJB

              Plaintiff,

v.                                                 **REPORT AND RECOMMENDATION**
                                                    **ON PLAINTIFF'S MOTION TO ENJOIN**

Tony C. Nora,

              Defendant.

This action is before the court, Chief Magistrate Judge Arthur J. Boylan, on plaintiff's Motion to Enjoin [Docket No. 7]. The case has been referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636. Hearing on the motion was held on August 11, 2011, at the United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415. Russell M. Spence, Jr., appeared for the plaintiff and moving party, OarFin Distribution, Inc. (Oarfin). Tony C. Nora, pro se defendant, appeared by telephone on his own behalf.

       Plaintiff in this matter is a music distributor and defendant Tony C. Nora is a music performer. OarFin alleges that the parties have a contractual relationship and now moves for a court order enjoining the defendant from prosecuting and pursuing a related action filed in the United States District Court for the Western District of Texas. Plaintiff contends that the Texas case was brought in violation of a contractual forum selection clause and that Minnesota is also the proper forum for resolving current disputes between the parties pursuant to the first-to-file doctrine. Plaintiff also asserts that the defendant's claims in the Texas action are compulsory

counterclaims in this case and personal jurisdiction over a party[1] is lacking in the Texas matter. Defendant opposes the motion to enjoin the Texas action, arguing that: (1) the Texas complaint does not allege compulsory counterclaims because it involves different subject matter and parties that are not named in the Minnesota action; (2) the contractual forum selection clause is unjust and should not be enforced; (3) the court should recognize an exception to the first-to-file rule; and (4) the personal jurisdiction question is properly presented to the Texas court.

Based upon the record in this matter, along with the memorandums, affidavits, and exhibits, **IT IS HEREBY RECOMMENDED** that plaintiff's motion to enjoin and restrain the defendant from prosecuting and pursuing relief in the matter entitled <u>Tony Nora v. OarFin Distribution, et al.</u>, Civil Action No. W11CA083, a matter venued in United States District Court for the Western District of Texas, be **denied** [Docket No. 7].

Dated:     August 19, 2011

  s/ Arthur J. Boylan
Arthur J. Boylan
United States Chief Magistrate Judge

**MEMORANDUM**

Plaintiff characterizes this motion as one for injunctive relief, though the matter is in the nature of a motion to stay, dismiss or transfer the Texas case to the District of Minnesota.

---

[1] Robert C. Pickering, Jr., a corporate principal with OarFin Distribution, Inc., is named as a defendant in the Texas case. He is not named as a party in the Minnesota action. Also, E1Entertainment U.S. LP and Koch Entertainment LP are named defendants in the Texas case, but are not parties in the Minnesota case. The movant's personal jurisdiction argument relates only to Mr. Pickering.

While OarFin has presented plausible arguments to support its contention that Minnesota is the proper forum for resolution of the various disputes between Mr. Nora and OarFin, the court finds that enjoining a lawsuit that has been filed in another district under the circumstances presented here is not warranted. Enjoining an action in another district is an extraordinary step. Saleh v. Titan, 353 F.Supp.2d 1087, 1089 (S.D. Cal. 2004). "[W]hen an injunction sought in one federal proceeding would interfere with another federal proceeding, considerations of comity require more than the usual measure of restraint, and such injunction should be granted *only in the most unusual cases*." Id. (quoting Bergh v. State of Washington, 535 F.2d 505, 507 (9th Cir. 1976) (emphasis added)). This is particularly applicable when the injunction would involve parties that are not parties to the present lawsuit. Id. There is nothing in the record that would suggest that any aspects of either this case or the Texas action are so unusual or unique as to justify granting plaintiff's motion to enjoin.

AJB

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before September 8, 2011.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.