UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

OARFIN DISTRIBUTION, INC.,　　　　　　　　　　Case No. 11-CV-0863 (PJS/AJB)
a Minnesota Corporation,

　　　　　　　Plaintiff,
　　　　　　　　　　　　　　　　　　　　　　　　　　ORDER
v.

TONY C. NORA, p/k/a "Dookie Blu,"
an Individual,

　　　　　　　Defendant.

---

TONY NORA, a/k/a Dookie Blu,

　　　　　　　Plaintiff,

v.

OARFIN DISTRIBUTION, INC.; ROBERT
C. PICKERING, JR.; E1
ENTERTAINMENT U.S., LP; and KOCH
ENTERTAINMENT, LP,

　　　　　　　Defendants,

E1 ENTERTAINMENT U.S., LP,

　　　　　　　Cross-Claimant,

v.

OARFIN DISTRIBUTION, INC.; ROBERT
C. PICKERING, JR.,

　　　　　　　Cross-Defendants.

---

　　　Russell M. Spence, Jr. and Maxwell S. Felsheim, HELLMUTH & JOHNSON
　　　PLLC, for OarFin Distribution, Inc. and E1 Entertainment U.S., L.P.

　　　Tony C. Nora, pro se.

OarFin Distribution, Inc. ("OarFin") filed this action in April 2011, alleging breach-of-contract and other claims against Tony Nora. Nora, who is a recording artist, responded by filing copyright and other claims against OarFin and several other defendants in the Western District of Texas. OarFin successfully moved to transfer the Texas action to this court, and the cases were later consolidated. ECF No. 66.

This matter is before the Court on Nora's objection to the April 1, 2013 Report and Recommendation ("R&R") of Chief Magistrate Judge Arthur J. Boylan. Judge Boylan recommends denying Nora's motion for partial summary judgment and granting in part the motion of OarFin and E1 Entertainment U.S., L.P. ("eOne") for summary judgment. Nora objects only to the recommendation that OarFin and eOne's motion be granted as to his copyright-infringement claim.[1] The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court adopts the R&R.

As detailed in the R&R, Nora and OarFin were parties to an August 2009 distribution agreement under which OarFin had the right to distribute certain of Nora's songs. In March 2010, the parties agreed to dissolve the distribution agreement. Nora alleges that, since the parties dissolved the distribution agreement, OarFin and eOne (OarFin's distribution agent) have continued to distribute his songs in violation of his copyright.

---

[1]Nora also objects to Judge Boylan's refusal to consider his late-filed documents. Having previously warned Nora that the Court would not accept any more late filings, Judge Boylan properly refused to accept Nora's belated documents. *Williams v. Thomson Corp.*, 383 F.3d 789, 791 (8th Cir. 2004) (no abuse of discretion to strike late-filed documents based on pattern of late filings). The Court has nevertheless reviewed the late submissions, which consist almost entirely of documents already in the record, and finds that they make no difference to the outcome.

Judge Boylan agreed with Nora that there is evidence that *someone* sold Nora's songs after March 2010. But Judge Boylan found no evidence tying those sales to OarFin or eOne. In particular, Judge Boylan noted that, after the parties dissolved the distribution agreement, OarFin returned 240 physical copies of Nora's album to him. Nora then gave away almost all of those copies, and he also began distributing his music through other channels. In light of Nora's numerous post-March 2010 distributions, Judge Boylan concluded that evidence of post-March 2010 sales cannot, by itself, establish that OarFin or eOne unlawfully distributed Nora's songs. Having reviewed the record, the Court agrees with Judge Boylan.

In his objection, Nora focuses mostly on evidence regarding digital sales. But almost all of this evidence would be inadmissible at trial, *see, e.g.*, Nora Ex. G [ECF No. 51-1 at 24] (clearly inadmissible hearsay), and therefore cannot be relied on to defeat the summary-judgment motion of OarFin and eOne. By virtue of Fed. R. Civ. P. 56(c)(2), a party opposing a summary judgment motion may rely only on facts "that would be admissible in evidence." *See also Sokol & Assocs., Inc. v. Techsonic Indus., Inc.*, 495 F.3d 605, 611 n.4 (8th Cir. 2007) ("only evidence that would be admissible at trial may be relied upon to counter a motion for summary judgment"). Judge Boylan explained that Nora's most important evidence would not be admissible at trial, and Nora says nothing in his objection to dispute Judge Boylan's conclusion.

Even if Nora's evidence were admissible, it would, at best, establish that after Nora told eOne at his deposition that an online retailer named 7digital was selling digital downloads of his songs, eOne asked 7digital to stop selling them and 7digital complied. In the Court's view, however, this is not sufficient evidence from which a jury could conclude that eOne distributed Nora's songs to 7digital after March 2010.

Nora also points to evidence — specifically, an email from 7digital — that 7digital remitted payment for the songs to eOne. Nora submitted an unsigned affidavit from his former attorney that purports to attach this email as Exhibit D, but no exhibits were attached to the affidavit. *See* ECF No. 87-3 ¶ 2. Among Nora's belated submissions was a signed version of the affidavit (although the notary date and signature are obscured), but the attached Exhibit D is not an email and says nothing about payment being remitted to eOne. *See* ECF No. 89-1 at 30, 41-42. After some effort, however, the Court was able to locate what appears to be a copy of the email attached to Nora's opposition to an earlier motion for sanctions. *See* ECF No. 46-1 at 1.

This email is indeed evidence that, at some point, eOne provided Nora's songs to 7digital. Unfortunately for Nora, however, this email is also inadmissible hearsay. *See* Fed. R. Evid. 801(c) (defining hearsay); Fed. R. Evid. 802 (hearsay is not admissible). Even if the email were properly authenticated (which it currently is not), it would not be admissible at trial. OarFin and eOne have repeatedly objected to the admissibility of Nora's evidence, and Nora has never suggested that he could present the information in the email in a form that would be admissible at trial.[2] *See* Fed. R. Civ. P. 56(c)(2): *Gannon Int'l, Ltd. v. Blocker*, 684 F.3d 785, 793 (8th Cir. 2012) (at summary judgment, when one party objects that material cannot be presented in an admissible form, proponent has the burden to explain the admissible form that is anticipated at trial). The information in the email therefore cannot preclude summary judgment for OarFin and eOne.

---

[2]Based on references in the email, it appears that the declarant may be located in the United Kingdom. Particularly in light of the relatively low stakes involved in this lawsuit, it seems unlikely that the declarant would be willing to travel to Minnesota to testify at trial, and unlikely that Nora would be willing to bear the costs of that travel.

Finally, Nora has also provided Nielsen Soundscan reports showing post-March 2010 sales of his songs. *See, e.g.*, Nora Exs. J, K [ECF No. 51-1 at 29-32]. Under the column heading "Label," the reports list "OAR." *Id.* According to Nora, these reports establish that OarFin continued to sell his songs after the parties dissolved their distribution agreement.

Again, however, these reports are not properly authenticated. It is possible that they would be admissible at trial, if Nora were able to establish a proper foundation (which is far from certain). *See* Fed. R. Evid. 803(17). But even if the reports themselves would be admissible, Nora offers no evidence concerning the company that prepares them or how they are compiled, or any other evidence that would explain the significance of the reference to "OAR." In other words, none of the evidence in the record suggests that the company who prepared these reports had any information about the details and timing of the distribution chain that would establish who distributed the songs or when they were distributed. For all the Court knows, the mention of "OAR" might be an outdated reference to the fact that OarFin was at one time the authorized distributor.

Nora claims in his briefing that the sales reflected on the reports were "credited" to OarFin and that the identification codes belong to OarFin. But again, even if this is true — and, aside from being unsworn, Nora's brief does not show that he has personal knowledge of these facts — Nora's assertion does not establish that the information in the reports is an accurate reflection of the actual chain and timing of distribution.

In short, the Court agrees with Judge Boylan that a reasonable jury could not conclude, based on the evidence that is in the record and that is likely to be admitted at trial, that OarFin or

eOne distributed Nora's songs after March 2010. The Court therefore overrules Nora's objection and adopts the R&R.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES Nora's objection [ECF No. 94] and ADOPTS the April 1, 2013 R&R [ECF No. 93]. IT IS HEREBY ORDERED THAT:

1. Nora's motion for partial summary judgment [ECF No. 75] is DENIED.

2. OarFin and eOne's motion for summary judgment [ECF No. 78] is GRANTED IN PART and DENIED IN PART.

3. The motion is GRANTED as to Nora's claims in the Texas-initiated action (Case No. 12-CV-0393) as follows:

    a. Copyright infringement under the Copyright Act of 1976.

    b. Violations of the Digital Millennium Copyright Act, the Digital Theft Deterrence and Copyright Damages Improvement Act, and the No Electronic Theft Act.

    c. Trademark infringement under the Lanham Act.

4. The motion is DENIED as to Nora's counterclaim for breach of contract.

5. To the extent Nora pleaded claims in Case No. 12-CV-0393 against eOne's predecessor, Koch Entertainment LP, those claims are DISMISSED WITH PREJUDICE for the same reasons that the Court grants summary judgment to OarFin and eOne.

Dated: September 5, 2013
s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge