UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| OARFIN DISTRIBUTION, INC., a Minnesota Corporation, | Case No. 11-CV-0863 (PJS/AJB) |
| Plaintiff, | ORDER |
| v. | |
| TONY C. NORA, p/k/a "Dookie Blu," an Individual, | |
| Defendant. | |
| _____ | |
| TONY NORA, a/k/a Dookie Blu, | |
| Plaintiff, | |
| v. | |
| OARFIN DISTRIBUTION, INC.; ROBERT C. PICKERING, JR.; E1 ENTERTAINMENT U.S., LP; and KOCH ENTERTAINMENT, LP, | |
| Defendants, | |
| E1 ENTERTAINMENT U.S., LP, | |
| Cross-Claimant, | |
| v. | |
| OARFIN DISTRIBUTION, INC.; ROBERT C. PICKERING, JR., | |
| Cross-Defendants. | |

Russell M. Spence, Jr. and Maxwell S. Felsheim, HELLMUTH & JOHNSON PLLC, for OarFin Distribution, Inc. and E1 Entertainment U.S., L.P.

Tony C. Nora, pro se.

OarFin Distribution, Inc. ("OarFin") filed this action in April 2011, alleging breach-of-contract and other claims against Tony Nora. Nora, who is a recording artist, responded by filing copyright and other claims against OarFin and several other defendants in the Western District of Texas. OarFin successfully moved to transfer the Texas action to this court, and the cases were later consolidated. ECF No. 66.

In an order dated September 5, 2013, the Court adopted the Report and Recommendation of Chief Magistrate Judge Arthur J. Boylan, denied Nora's motion for partial summary judgment, and granted in part and denied in part the motion of OarFin and E1 Entertainment U.S., L.P. for summary judgment. ECF No. 97. Although this Court has not entered final judgment on any claim against any party, Nora filed a notice of appeal on October 3, 2013, seeking review of the Court's September 5 order.

As a general matter, when a party files a notice of appeal, the district court is divested of jurisdiction over the matters on appeal. But "[t]his jurisdictional principle is not absolute." *Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999). Specifically, the district court "does not normally lose jurisdiction to proceed with the case when one party appeals a non-appealable order." *Id.*

In its September 5 order, the Court did not dispose of all claims against all parties, and the Court did not direct the entry of final judgment as to any claim or party under Rule 54(b) of the Federal Rules of Civil Procedure. Without question, then, the September 5 order is not a "final decision[]" that is appealable under 28 U.S.C. § 1291. See Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or

parties"); *see also Davis v. Village of Decatur*, 23 Fed. Appx. 595, 596 (8th Cir. 2001) (per curiam) ("Under 28 U.S.C. § 1291, appellate courts have jurisdiction over final judgments. Orders disposing of fewer than all the claims or all the parties are not final judgments."); *Robinson v. Morgan*, No. 99-2951, 187 F.3d 643 (Table), 1999 WL 603879, at *1 (8th Cir. Aug. 11, 1999) ("The district court dismissed three of the six defendants, and Robinson has filed a notice of appeal.  Because there is no final order dismissing all claims and parties, we lack jurisdiction over this appeal."); *United States v. Meints*, No. 94-1262, 48 F.3d 1225 (Table), 1995 WL 64748, at *1 (8th Cir. Feb. 17, 1995) (per curiam) ("We have held that the district court may ignore a notice of appeal if the order appealed from is not appealable."); *Thomas v. Basham*, 931 F.2d 521, 523 (8th Cir.1991) ("In the present case, the notice of appeal filed on August 28, 1990, was clearly premature.  The grant of summary judgment on July 26, 1990, was not a final judgment because Basham's counterclaims were still outstanding."); *Barton v. Colum. Mut. Cas. Ins. Co.*, 930 F.2d 1337, 1338 n.2 (8th Cir. 1991) ("The district court's order of May 8, 1990 dismissed plaintiffs' claims against Columbia Mutual with prejudice, but did not adjudicate all claims involving the other parties to this case and did not contain a Fed. R. Civ. P. 54(b) certification.  Thus, it was not properly appealable when entered.").

Because the September 5 order is interlocutory, it would be appealable, if at all, only under 28 U.S.C. § 1292.  But the Court did not certify the September 5 order for immediate appeal under § 1292(b), and the Court's order does not fall within the categories of appealable interlocutory orders set forth in § 1292(a).

In short, the summary-judgment order entered by this Court on September 5 is plainly not an appealable order.  Because this is not a case in which "the issue of appealability is in doubt,"

*Nixon*, 164 F.3d at 1107, the Court will not delay these proceedings to await the inevitable dismissal of the appeal by the Eighth Circuit for want of jurisdiction. The remaining parties are ORDERED to attend the settlement conference currently scheduled for October 29, 2013, to comply in all respects with the Trial Notice and Final Pretrial Order entered on September 5, 2013, and to be prepared to try this case on December 10, 2013.

SO ORDERED.

Dated: October 4, 2013                               s/Patrick J. Schiltz
                                                     Patrick J. Schiltz
                                                     United States District Judge